*1836.*

IN THE MATTER OF WINDLE.

---

## In the Matter of WINDLE.

---

Form of proceedings upon the application of a father that the legal title of land might be conveyed from his infant children to him, he having purchased while an alien and had the property conveyed into his wife's name and she having died while the property was vested in her, leaving these infant children.

A guardian *ad litem*, executing a deed for an infant, should sign thus: " G. B. W." (the infant) "by J. W. his guardian *ad litem*."

---

William B. Windle had purchased lots of land in the city of New-York while he was an alien; but, by the advice of counsel, the property was conveyed to his wife. She afterwards died and left infant children.

*April 27, 1836.*

*Alienage. Infant.*

Mr. *Charles Edwards* now presented a petition from William B. Windle, setting forth the circumstances in detail, as follows :

In Chancery, before } the Vice-Chancellor. }

To the Chancellor of the State of New-York.

The Petition of *William B. Windle*, of the city of New-York, Merchant, Sheweth,

That in or about the month of February, in the year one thousand eight hundred and twenty-five, your Petitioner, having monies of his own, arising

from his own earnings, agreed to purchase and did purchase from C. D., the fee simple of *all those* three certain lots of ground situate &c. &c. And your Petitioner further shews that he purchased the same, subject to the unexpired term of a certain lease, theretofore executed by the said C. D. to A. R. S. bearing date the first day of May one thousand eight hundred and twenty for the term of seven years; and the same lease was given up to your Petitioner, as the purchaser, by the said C. D. and has remained in your Petitioner's possession ever since. That William Slosson, Esquire, was, at that time, the professional adviser of the said C. D. and your petitioner also left it with the said William Slosson to make out the title for your Petitioner and do all that was needful so as to have the said ground and premises vested in your Petitioner: But your Petitioner shews that at that time, yet after your Petitioner had purchased the property, it occurred to the mind of the said Mr. Slosson that your Petitioner might not have obtained his citizenship—and having ascertained that such really was the case, the said Mr. Slosson advised your Petitioner to have the said ground and premises conveyed from the said C. D. to your Petitioner's then wife, Sarah Martha Windle, a native born American. That your Petitioner was guided by such advice; and the same ground and premises were conveyed in fee by the said C. D. and S. his wife to your Petitioner's said wife, Sarah Martha Windle, by deed bearing date the nineteenth day of February one thousand eight hundred and twenty-five and which was recorded in the office of the Register of the city and county of New-York in Liber 187 of Conveyances, page 456; and which deed is and always has been in your Petitioner's possession. And your Petitioner further shews, that it was a part condition of the said purchase that a mortgage should be given for part of the consideration money, namely, for the sum of one thousand nine hundred and fifty dollars and interest; that such bond was made out in your Petitioner's own name alone and executed by him and afterwards fully satisfied out of your Petitioner's own private funds; and also a mortgage of the premises was likewise made out in the name of your Petitioner and his said wife—and which said bond and mortgage are in your

Petitioner's possession. And your Petitioner further shews that the consideration moneys for the said deed and premises, namely, two thousand eight hundred dollars, were the proper and private monies of your Petitioner; and your Petitioner's said wife, Sarah Martha Windle, in no way contributed to such purchase, nor did any of her money, estate or effects go towards such consideration. And your Petitioner further shews that he has also, out of his own private funds and earnings, expended in buildings upon the said ground and premises, at least the sum of ten thousand dollars; and has, uncontrolled, at all times, since the said period of purchasing, let the said premises and received the rents as his own and applied the same to his own business and purposes. And your Petitioner further shews, that after such purchase, and on the twenty-third day of February, one thousand eight hundred and twenty-seven, your Petitioner became a citizen of the United States of America; and now holds considerable real estate in his own name and he is a resident Merchant of the city of New-York : but your Petitioner neglected from time to time to have such ground and premises hereinbefore described passed from your Petitioner's said wife to your Petitioner ; and it has so happened that your Petitioner's said wife, Sarah Martha Windle, is now dead, also the said William Slosson, Esquire, is dead —as well as the commissioner who took the acknowledgment of the said deed, namely, Robert L. Wilson, Esquire— But for all this your Petitioner hopes to be enabled to prove sufficient, under the circumstances, to satisfy this Honorable court that your Petitioner ought to have the legal estate in the ground and premises aforesaid vested in him and which he is anxious to have done, in order that he may have the uncontrolled possession and legal and equitable fee of and in the said ground and premises. And your Petitioner further shews, that the said Sarah Martha Windle had the following living children by your Petitioner, namely, G. B. W. aged sixteen years, J. B. W. aged fourteen years, and E. B. W. aged eleven years.

1836.

IN THE MATTER OF WINDLE.

Your Petitioner therefore prays that it may be referred to one of the masters of this court, residing in the city of New York, to take testimony, not only as to material facts directly mentioned in the said petition or such of them as are in the power of your Petitioner to prove, but also of corroborating circumstances which would go to show that the said ground and premises were purchased with your Petitioner's own funds and that your Petitioner ought to have the legal and equitable fee of the same vested in him; and, if agreeable to the rules and practice of this court, that your Petitioner be examined, touching the said premises, before the said master; and that a special guardian *ad litem* be appointed for the said infants, who shall appear on the said reference and watch their rights and interests, if any they have. And so that, upon the coming in of the said Master's report, provided such report be in favor of your Petitioner and of his petition, that an order or decree be entered declaring that your Petitioner shall have the legal and equitable fee in the said ground and premises without further consideration; and that your Petitioner's said infant children, G. B. W., J. B. W. and E. B. W. be declared trustees for your Petitioner in the premises and be directed to convey the said ground and premises to your Petitioner, under the hand and approval of the said master—or for such other or further order as this court, under the circumstances, may see fit to grant and as may be agreeable to equity. And &c.

Thereupon, the following order was entered:

(*Title*) " On reading the petition of the above Petitioner, William B. Windle, duly verified; and on motion of Mr. C. E. of counsel for the said Petitioner: it is ordered that the said petition be referred to Frederic De Peyster, Esquire, one of the Masters of this court, to take testimony as to the alleged purchase by the Petitioner, William B. Windle, of C. D., in or about the month of February one thousand eight hundred and twenty-five, with his own monies and on his

own account, of all those three certain lots of ground &c. &c. And it is further ordered that the said Master, under such reference, take testimony, not only as to material facts directly mentioned in the said petition, or such of them as are in the power of the said petitioner to prove, but also of corroborating circumstances which would go to show that the said lots of ground and premises were purchased with the said Petitioner's own funds and that the said Petitioner ought to have the legal title and estate of the same vested in him. Also, that upon such reference, the said Petitioner be examined touching the said premises. And it is further ordered that J. W. Esquire, one of the solicitors of this court, be and he hereby is appointed special guardian *ad litem* for G. B. W., J. B. W. and E. B. W., infant children of the said William B. Windle, to appear for them on the said reference and to guard the rights and interests of the said children ; and that the said master have power to summon before him the friends and relations of the said infants and to examine them or any other persons as witnesses in opposition to the claims of the said Petitioner. And it is also ordered that the said master report in the premises with all convenient speed. And that all further proceedings upon the said petition be stayed until the coming in of the said master's report."

The master reported in favor of the application ; and, on motion, the following final order was entered :

(*Title.*) " Whereas by an order heretofore made upon this petition on the thirteenth day of April instant, whereby it was ordered that the petition above mentioned should be referred to Frederick De Peyster, Esquire, one of the Masters of this court residing in the city of New York, to take testimony and report as to the alleged purchase by the said petitioner, W. B. W. of C. D. in or about the month of February one thousand eight hundred and thirty-five, with his own monies and on his own account, of all those three certain lots of ground &c. &c. And whereby it was further ordered that the said Master, under such reference, take testimony not only as to material facts directly mentioned in the said petition or such of them as were in the power of the said Petitioner to prove, but also of corroborating circumstances which would go to show that the said lots of ground and

premises were purchased with the said petitioner's own funds and that the said petitioner ought to have the legal title and estate of the same vested in him and also that upon such reference the said Petitioner be examined touching the said premises. And whereby it was also ordered that J. W., Esquire, one of the Solicitors of this court, be and he thereby was appointed special guardian *ad litem* for G. B. W., J. B. W. and E. B. W., infant children of the said William B. Windle, to appear for them on the said reference and to guard the rights and interests of the said children; and that the said master have power to summon before him the friends and relations of the said infants and to examine them or any other persons as witnesses in opposition to the claims of the said Petitioner. And whereas the said Frederick De Peyster, Esquire, as such master, in and by his report in the premises, bearing date the twenty-third day of April, one thousand eight hundred and thirty six, (after reciting the said order) reported, amongst other things, that the said guardian *ad litem* for the said infant children admitted on the reference had before the said master that G. B. W. the eldest son of the said petitioner was fully competent, in his opinion, to understand his rights, if he had any, in this matter, being an active and intelligent lad in the partial superintendance of his father's business, that he disclaimed to have any rights derived from the mere circumstance of the deed being taken in the name of his mother, as he felt satisfied that the purchase had been made from the funds of the father and that the mother never had any property of any considerable value but what she had derived from him—also that the said infant G. B. W. had subsequently appeared before the said master and made a declaration similar to that made by his said guardian; and also that, from the testimony taken and examination made before him (and fully referred to in the said report) he was of opinion that the said purchase of the said lots of ground and premises was made by the said William B. Windle, the Petitioner, on his own account and from his own peculiar funds; also that the deed taken on the purchase from the said C. D., and wife was taken in the name of the deceased wife of the said petitioner and not in his own name because he was then an

alien; also that he was then, at the time of the said report, a citizen, as appeared from the certificate of his naturalization exhibited by the said petitioner to the said master; and also that the testimony so taken by him, the said master, substantially showed that the said lots of ground and premises were purchased with the said petitioner's own funds and that he ought to have the legal title and estate of the same vested in him. Now, upon motion of Mr. C. E. of counsel for the said petitioner and upon reading and·filing the said master's report, and due deliberation having been had by the court in the premises; *it is ordered* that the said report be and the same is hereby confirmed. *And it is hereby declared, adjudged and decreed,* and the said court, by virtue of the power vested therein, doth declare, adjudge and decree that the said petitioner, W. B. W. is entitled to the legal as well as equitable estate in fee of and in the said three lots of ground and premises before described with the appurtenances and that the title thereto, which has descended to his infant children the said G. B. W. J. B. W, and E. B. W. from their mother be and the same is hereby considered to be in trust for the said petitioner W. B. W. *And it is further ordered, adjudged and decreed* that the said G. B. W., J. B. W. and E. B. W. execute a conveyance to the said petitioner in fee of the said lots of ground and premises herein before described, with all houses, erections and buildings standing and being thereon and appurtenances relating thereto, the form of which said conveyance shall be settled and approved by the said master, Frederick De Peyster, Esquire, and so that the said J. W. special guardian *ad litem* for such infants, execute such conveyance on their part and as their act and deed. And also that the said Petitioner bear the costs of his own solicitor and counsel and pay the costs of the said special guardian *ad litem* to be taxed."

A deed was subsequently made and executed pursuant to the above order. The guardian *ad litem* signed for the infants thus: "G. B. W., by J. W. his guardian *ad litem*" —and this, the court has said, is the proper way whenever a deed is made out in the name of an infant.